IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE FIELDS, #M48598, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY DENNISON, ALFONSO DAVID, JANE DOE, and KIMBERLY JOHNSON, <br><br> Defendants. | Case No. 20-cv-217-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Deandre Fields, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He claims that while incarcerated at Shawnee he has received inadequate medical and dental care.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

---

[1] The Court has jurisdiction to resolve Field's motion and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Fields alleges the following: Prior to incarceration he was diagnosed with cardiomyopathy, a heart disease which causes to him to pass out and experience blackouts, headaches, heart palpitations, and extreme dizziness. (Doc. 1, p. 9, p. 16). Since his arrest in 2013, he has received inadequate treatment and care for his condition. (*Id.* at p. 9). On November 13, 2014, Fields was transferred to Shawnee, where he was not interviewed or treated for his cardiomyopathy, despite that his medical records included information that he suffered from headaches and a heart problem. (*Id.* at p. 11, 18). On March 10, 2015, during an initial interview prior to a teeth cleaning, Fields disclosed his health history to Jane Doe, a dental hygienist. (*Id.* at p. 11-12). Jane Doe immediately went to the health care unit and asked the medical doctor, Alfonso David,[2] if cardiomyopathy would prevent her from cleaning Fields's teeth. The medical doctor responded that "cardiomyopathy" was not a real word or a serious condition that required medical attention. Both the medical doctor and Jane Doe accused Fields of lying. (*Id.* at p. 12). Jane Doe told Fields that if he lied to her again, he would find himself in serious trouble. (*Id.* at p. 13). Out of precaution, however, Jane Doe postponed the teeth cleaning and requested for the doctor to send for Field's medical records from Loyola Hospital, where

---

[2] In the statement of claim, Fields does not specifically name Dr. David, but makes allegations towards the healthcare unit's medical doctor at Shawnee, referred throughout the Complaint as "the M.D." (*Id.* at p. 12). Because in listing Alfonso David as a defendant Fields describes him as "Shawnee Medical Doctor" (Doc. 1, p. 1, 2, 27), and the Court is to construe the factual allegations liberally, as previously mentioned, the Court will treat the allegations against "the M.D" in the statement of claim as made towards Dr. Alfonso David.

he was treated prior to incarceration, Cook County Jail, and Stateville Correctional Center. (*Id.* at p. 9, 13). Fields signed a release form for his medical records, but the records were not reviewed until eight months later, around November 2015. During that time, Fields had to wait for adequate dental hygiene care. (*Id.* at p. 15).

Because he did not receive any cardiopathy treatment, his condition worsened and he was unable to "physically operate during the course of any normal day[.]" (*Id.* at p. 18). Fields would experience vertigo and blackouts and fall, injuring himself in his cell. (*Id.*). Dr. David also refused to issue a low bunk permit to Fields. (*Id.* at p. 19, 21).

In February 2019, during a routine asthma clinic visit, Fields described his condition and symptoms to Nurse Practitioner Tammy. (*Id.* at p. 20). Tammy reviewed his medical records and arranged for him to be sent to an outside specialist the same day. (*Id.*). Even after being referred to a specialist, Dr. David still refuses to provide Fields a low bunk permit. (*Id.* at p. 22). Dr. David also does not timely schedule Fields for his treatment with the specialist every six months. (*Id.*). Fields suffers from mental anxiety and emotional distress because he fears that Dr. David still believes that he has made up his illness and will not provide him with adequate treatment. (*Id.* at p. 17, 19). Finally, Dr. David provides inadequate care in an attempt to save on costs. (*Id.* at p. 17).

From March 2015 through December 2019, Fields has repeatedly filed FOIA requests with the State of Illinois to retrieve his medical records, and his requests were either denied, delayed, or not processed in accordance with state law. (*Id.* at p. 15, 22-26).

## PRELIMINARY DISMISSAL

Fields's only allegation against Warden Dennison is that Dennison violated his rights under the Eighth and Fourteenth Amendments by acting with deliberate

indifference to Shawnee prison conditions that are under Dennison's direct supervision. (Doc. 1, p. 28). Alleging liability based on theories of *respondeat superior* or negligent supervision of subordinates is not sufficient to establish a claim against an individual under Section 1983. *Wilson v. City of Chi.*, 6 F.3d 1233, 1241 (7th Cir. 1993). Accordingly, the clams against Warden Dennison are dismissed. Because Fields requests injunctive relief (Doc. 1, p. 29), Dennison shall remain a defendant, in his official capacity only, for the purpose of implementing any injunctive relief that may be ordered.

Furthermore, Fields makes several allegations regarding his medical care while incarcerated prior to arriving at Shawnee and IDOC systemwide policies and practices. All of these claims will be dismissed because they are not asserted against a properly named defendant. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment claim of deliberate indifference against Dr. David for failing to provide adequate medical care for Field's heart condition since his arrival at Shawnee.
>
> **Count 2:** Eighth Amendment claim of deliberate indifference against Jane Doe for delaying Field's dental cleaning treatment.
>
> **Count 3:** Eighth Amendment claim of cruel and unusual punishment against Dr. David and Jane Doe for falsely accusing Fields of lying about being diagnosed with cardiomyopathy.
>
> **Count 4:** Fourteenth Amendment due process claim against Kimberly Johnson for delaying, denying, and improperly responding to

Fields's requests for medical records.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

### Counts 1 and 2

To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must first show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citations and quotation marks omitted).

Fields alleges that at least since March 2015, maybe earlier, Dr. David knew that Fields was suffering from cardiomyopathy, which Fields claims had been diagnosed by a physician as requiring treatment in 2013. *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Fields did not receive treatment until 2019, after a nurse practitioner at Shawnee arranged to have Fields see a specialist. (Doc. 1, p. 16, 20). Even after seeing a specialist, Dr. Alfonso has failed to timely schedule Fields for his treatments at the outside hospital, which must occur every six months, and has not issued him a medical permit for a low bunk, resulting in additional injuries. Count 1 will therefore proceed against Dr. Alfonso.

Fields claims that after he informed Jane Doe about his heart condition, she rescheduled his dental cleaning out of precaution. He specifically states that he "was forced to wait more than 8 months to have any form of adequate medical dental hygiene

---

[3] *See Twombly*, 550 U.S. at 555.

performed[,]" and he was deprived of the right to access dental care. (Doc. 1, p. 15). While a dental condition may be "objectively serious" and the failure to provide needed dental treatment may rise to the level of deliberate indifference, "there is no established constitutional right to routine dental care, including teeth cleaning." *Jones v. Strow,* No. 19-cv-4013-MMM, 2019 WL 5580945, at *3 (C.D. Ill., Oct. 29, 2019) (citing *Taylor v. Christian,* 42 F.3d 1392 (7th Cir. 1994)). Because Fields does not allege the denial or delay of treatment for a serious dental problem, only the "denial of routine dental care[,]" *Taylor,* 42 F.3d at 1, he has not sufficiently stated a constitutional claim. Count 2 will be dismissed.

### Count 3

In general, allegations of verbal abuse and threats are insufficient grounds for relief under Section 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." ); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Fields alleges that Dr. David and Jane Doe falsely accused him of lying about his heart condition and Jane Doe threatened to punish him for attempting to share important medical information on March 10, 2015. (Doc. 1, p. 12). The comments frightened Fields, who was only twenty at the time, and caused extreme stress. (*Id.* at p. 13). This single incident of verbal harassment that caused emotional stress is not the kind of severe harassment that could put forth a viable constitutional claim, and therefore, Fields has not sufficiently alleged an Eighth Amendment claim. Additionally, to the extent that

Fields is claiming that Dr. David and Jane Doe committed slander and defamed his character (Doc. 1, p. 12, 14, 16), these claims are not actionable under Section 1983. *See Batagiannis v. W. Lafayette Cmty. School Corp.*, 454 F.3d 742 (7th Cir. 2006) ("there is no constitutional right to be free of defamation"). Count 3 will be dismissed.

## Count 4

Fields alleges that he submitted multiple requests for his medical records pursuant to the Illinois Freedom of Information Act, ("ILFOIA"), 5 ILCS 140/1 *et seq.*, and his requests were either denied, responded to with incorrect documents, or the responses were delayed in violation of the statute and the Due Process Clause.

To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Fields's constitutional rights are not automatically violated when he is not provided his medical records in accordance with Illinois law. *See Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (due process rights are not violated where access to medical records is denied as repetitive evidence). Additionally, Fields has not alleged that the State of Illinois has not provided an adequate remedy for retrieving the documents in state court. *See Withrow v. Elk Grove Police Dep't Chief Charles Walsh*, 2015 WL 9259884, at *3 (N.D. Ill. Dec. 18, 2015) ("Simply because Plaintiff alleges that Defendant violated Illinois law in refusing Plaintiff's FOIA request does not furnish him with a basis for invoking federal jurisdiction."). Therefore, the Court finds that he has not asserted a viable due process claim regarding the requests of his medical records.

Furthermore, the Court does not have jurisdiction to address Field's ILFOIA claim.

*See Plummer v. Godinez,* No. 13 C 8253, 2015 WL 4910562, at *3 (N.D. Ill. Aug. 17, 2015) (ruling that an ILFOIA is a "purely state-law claim" and the court lacked jurisdiction") (citations omitted). If Fields wishes to compel the release of state agency documents, he must do so by filing in state court. 5 ILCS 140/11(b) ("suit may be filed in the circuit court for the county where the public body has its principal office or where the person denied access resides."). For these reasons, Count 4 will be dismissed.

### RECRUITMENT OF COUNSEL

Fields has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[4] Fields discloses that he has attempted to contact many law offices in an attempt to recruit counsel and includes with his motion two letters from attorneys declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Fields indicates that his knowledge of the law is not extensive enough to handle litigating this case. His limited knowledge of the law, however, is not unique to him as a *pro se* litigant and does not necessarily warrant recruitment of counsel at this time. Fields's Complaint has survived screening and has demonstrated an ability to construct coherent sentences and relay information to the Court. This straightforward case is currently proceeding on a single claim against one defendant and given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Should his situation change as the case proceeds, Fields may file another motion setting forth all the facts that support his request.

---

[4] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives screening pursuant to Section 1915A. **Count 1** shall proceed against Dr. Alfonso. **Counts 2, 3,** and **4** are **DISMISSED.** Jane Doe and Kimberly Johnson are **DISMISSED** from this action, and the Clerk of Court is **DIRECTED** to terminate them as defendants. All claims against Jeffrey Dennison are also **DISMISSED**, but he shall remain a defendant in his official capacity for the purpose of implementing any injunctive relief that may be ordered.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED.**

The Clerk of Court shall prepare for Dr. Alfonso David and Jeffrey Dennison (official capacity only):   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Fields. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Fields, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Fields, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Fields is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2020**

*/s/ Mark A. Beatty*
MARK A. BEATTY,
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.